# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 24, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| AMY TAYLOR, *mother of* A.T., * | |
| * | No. 15-1346V |
| Petitioner, * | |
| v. * | Chief Special Master Dorsey |
| * | |
| SECRETARY OF HEALTH * | Decision Based on Stipulation; |
| AND HUMAN SERVICES, * | Hepatitis A ("HepA"); |
| * | Autoimmune Aplastic Anemia |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.
Camille Collett, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION BASED ON STIPULATION[1]

On November 9, 2015, Amy Taylor, on behalf of her minor daughter A.T., ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of the hepatitis A ("HepA") vaccine administered to A.T. on December 10, 2012, A.T. suffered from autoimmune aplastic anemia. Petition at ¶13.

On April 20, 2018, the parties filed a stipulation recommending an award of compensation to petitioner. Stipulation (ECF No. 69). Respondent denies that the HepA vaccine caused A.T. to suffer from autoimmune aplastic anemia, or any other injury or her current condition. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

The parties stipulate that petitioner shall receive the following compensation:

**(1) A lump sum of $238,175.77, in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of A.T. for the benefit of A.T. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of A.T.'s estate.**

**(2) A lump sum of $12,356.05, in the form of a check payable to petitioner, Amy Taylor.**

**(3) An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation attached hereto as Appendix A, paid to the life insurance company from which the annuity will be purchased.**

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Joint Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

Any questions regarding this Order may be directed to the undersigned's law clerk, Mark Hollaar, at (202) 357-6379, or mark_hollaar@cfc.uscourts.gov.

**IT IS SO ORDERED.**

s/Nora B. Dorsey
Nora B. Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| AMY TAYLOR, mother of A.T., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 15-1346V <br> Chief Special Master Nora Beth Dorsey <br> ECF |

### STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, A.T., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.T.'s receipt of the hepatitis A ("HepA") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. A.T. received the HepA immunization on December 10, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that A.T. suffered from autoimmune aplastic anemia as a result of receiving the vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of A.T. as a result of her condition.

6. Respondent denies that the vaccine caused A.T. to suffer from autoimmune aplastic anemia, or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $238,175.77, which amount represents compensation for first year life care expenses ($6,814.45) and pain and suffering ($231,361.32), in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of A.T. for the benefit of A.T. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of A.T.'s estate;
>
> b. A lump sum of $12,356.05, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Amy Taylor.
>
> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
>
> c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
>
> d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of A.T., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner, as the court-appointed guardian(s)/conservator(s) of the estate of A.T. for the following items of compensation:

    a. For future unreimbursable CIGNA Maximum-out-of-Pocket and CIGNA Prescription Medication Deductible expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,600.00 to be paid up to the anniversary of the date of judgment in year 2036, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    b. For future unreimbursable Affordable Care Act Maximum-out-of-Pocket expenses, beginning on the anniversary of the date of judgment in year 2036, an annual amount of $6,400.00 to be paid up to the anniversary of the date of judgment in year 2075, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    c. For future unreimbursable Medicare Part B Deductible and Steroid Cream expenses, beginning on the anniversary of the date of judgment in year 2075, an annual amount of $191.00 to be paid for the remainder of A.T.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    d. For future unreimbursable Medicare Supplement Plan G expenses, beginning on the anniversary of the date of judgment in year 2075, an annual amount of $1,812.00 to be paid for the remainder of A.T.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    k. For future unreimbursable Zyrtec, Sunscreen, UV Clothing, Hotel & Meals at Cincinnati Children's Hospital, Lab Testing Mileage, Cincinnati Children's Hospital Mileage, Additional Visits to Cincinnati Children's Hospital Mileage, and Bone Marrow Testing Mileage on the first anniversary of the date of judgment, a lump sum of $1,214.45. Then, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $1,052.79 to be paid up to the anniversary of the date of judgment in year 2040. Thereafter, beginning on the anniversary of the date of judgment in year 2040, an annual amount of $592.97 to be paid for the remainder of A.T.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioner and do not require that the payment be made in one annual installment. The petitioner will continue to


receive the annuity payments from the Life Insurance Company only so long as A.T. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, and the Life Insurance Company shall be provided within twenty (20) days of A.T.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of A.T. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of A.T.'s estate under the laws of the State of Tennessee. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian(s)/conservator(s) of A.T.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.T. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.T. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of A.T., on behalf of herself, A.T., and A.T.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.T. resulting from, or alleged to have resulted from the vaccination administered on December 10, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about November 9, 2015, in the United States Court of Federal Claims as petition No. 15-1346V.

18. If A.T. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-1356.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused A.T. to suffer from autoimmune aplastic anemia, or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of A.T.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*/s/ Amy Taylor*
AMY TAYLOR

ATTORNEY OF RECORD FOR PETITIONERS:

*/s/ Richard Gage*
RICHARD GAGE
RICHARD GAGE, PC
P.O. Box 1223
1815 Pebrican Avenue
Cheyenne, WY 82003
Tel: (307) 433-8864

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/* for
NARAYAN NAIR, M.D.
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Camille Collett*
CAMILLE M. COLLETT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098

Dated: 4/20/2018

8