# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: March 1, 2019)

```
* * * * * * * * * * * * *
AMY TAYLOR, mother of A.T.,     *      UNPUBLISHED
                                *
                                *      No. 15-1346V
           Petitioner,          *
                                *      Chief Special Master Dorsey
v.                              *
                                *      Attorneys' Fees and Costs
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
           Respondent.          *
* * * * * * * * * * * * *
```

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner
Camille M. Collett, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 9, 2015, Amy Taylor, on behalf of her minor daughter A.T., ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] ("Vaccine Act"). Petitioner alleged that as a result of the hepatitis A ("HepA") vaccine administered to A.T. on December 10, 2012, A.T. suffered from autoimmune aplastic anemia. Petition at ¶ 13. On April 20, 2018, the parties filed a Stipulation, which the undersigned adopted as her Decision awarding damages on April 24, 2018. Decision, ECF No. 70.

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On November 16, 2018, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 75). Petitioner requests total compensation in the amount of $60,419.69, representing $29,737.26 in attorneys' fees and $30,682.43 in costs. Fees App. at 4. In attempted compliance with General Order No. 9, Petitioner's counsel, Mr. Richard Gage, represents that he has attempted to contact Petitioner regarding her costs, but Petitioner has not responded to any of Mr. Gage's attempts, and that to the best of Mr. Gage's knowledge Petitioner has not incurred any out of pocket expenses in this case. Id. at 65. Respondent filed his response on November 30, 2018 indicating that he did not oppose petitioner's motion because he believed the statutory requirement for attorneys' fees had been met in the instant case." Id. at 2. Petitioner did not file a reply.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $51,644.64.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Because compensation was awarded to petitioner, the undersigned finds that he is entitled to an award of reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

and without providing a petitioner notice and opportunity to respond.  *See* Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. Gage, $299.64 per hour for work performed in 2014, $300.00 per hour for work performed in 2015, $382.50 per hour for work performed in 2016, $391.00 per hour for work performed in 2017, and $404.00 per hour for work performed in 2018; for Ms. Kristen Blume, $358.00 per hour for work performed in 2017 and $380.00 per hour for work performed in 2018; for law clerk Dustin Lujan, $160.00 per hour for work performed in 2015; and for paralegals, $120.00 per hour for work performed in 2014-2017 and $135.00 per hour for work performed in 2018.

The attorney rates for 2016-2018, the law clerk rate, and the 2018 paralegal rates requested herein exceed what has previously been awarded to Gage firm attorneys and staff. Cognizant of this discrepancy, Petitioner filed a memorandum supporting her fees motion on November 19, 2018, arguing that Gage firm attorneys should be compensated at forum rates. Memorandum, ECF No. 76 ("Memo"). In support of this, Petitioner submitted evidence of Mr. Gage's hourly rate in two cases from his local practice: a case in 2009-2010 when Mr. Gage was counsel for the defendant in an asbestos exposure case and was paid $300.00 per hour and a Fair Labor Standards Act case in Cheyenne, Wyoming at the same time, in which Mr. Gage was awarded $300.00 per hour pursuant to the fee shifting provisions of the FLSA. Memo at 4. Petitioner also cites to four cases from the United States District Court for the District of Colorado in support of Mr. Gage's local rate. Id. at 5 (citing Center for Biological Diversity v. U.S. Fish and Wildlife Servs., 703 F.Supp. 2d 1243 (D. Colo., Apr. 1, 2010); Nero v. American Family Mutual Ins. Co., 2013 WL 5323191 (D. Colo. Sept. 23, 2013); MemoryTen, Inc. v. LV Admin. Servs., Inc., 2013 WL 1154492 (D. Colo. Mar. 19, 2013); Nova Leasing, LLC v. Sun River Energy, Inc., 2013 WL 1302265 (D. Colo. Mar. 28, 2013).

The issue of whether Mr. Gage and his associates are entitled to receive forum rates is not new and, of particular relevance to the instant case, was considered by another special master in Onikama v. Sec'y of Health & Human Servs., No. 15-1348V, 2017 WL 1718798 (Fed. Cl. Spec. Mstr. Apr. 3, 2017). In Onikama, the petitioner argued that Mr. Gage's local rate should be higher by citing to the aforementioned cases (the asbestos and FLSA cases previously worked on by Mr. Gage as well as the four Colorado District Court cases cited above). Id. at *7. In

3

analyzing the cited cases, the special master noted that "[i]n the Colorado cases cited by petitioner here, however, most of the fees awarded were not to plaintiffs' attorneys' as compensation for representing a successful party. Rather, with one exception the fees were imposed as sanctions for discovery violations or for bringing a frivolous claim." Id. at *9. That one exception, Center for Biological Diversity, concerned fees awarded to plaintiff pursuant to the fee-shifting provision of the Freedom of Information Act ("FOIA"), and the special master found it to be of limited use as a data point, as the case involved awarding fees to an attorney in Denver, Colorado, a locale nearly ten times the size of Mr. Gage's locale of Cheyenne, Wyoming. Id. at *10. The special master also noted that other than affidavits that confirm his rate, petitioner "did not submit any detail regarding the underlying claims or procedural history of the FLSA and asbestos cases that Mr. Gage worked on" and ultimately found that the work in those cases as local counsel "usually represents less demanding type of work than is required of lead counsel in a vaccine case." Id. Ultimately, none of the data points provided by petitioner in Onikama were found to be persuasive evidence that Mr. Gage's local rate was "artificially low" as had been argued.

  The undersigned does not need to engage in any further analysis of the cases cited in the instant case because they are identical to the cases cited in Onikama. Indeed, it does not appear that petitioner has offered any new evidence in support of awarding Mr. Gage forum rates. While the undersigned is not bound to follow the conclusions of Onikama as precedent, the undersigned notes that the analysis by the special master in Onikama was extremely thorough, comprehensive, and ultimately persuasive, and the conclusion reached (that petitioner had not demonstrated that rates in Cheyenne, Wyoming, rise to a level where they are not very significantly different than forum rates) is sound. Petitioner has not argued that Onikama (or any other case considering Mr. Gage's rates) was decided incorrectly. Instead, petitioner is merely relitigating the same issue using the same unpersuasive data points as before. Moreover, Mr. Gage's firm has previously been put on notice of the deficient nature of his recent requests for increased rates. See Pember v. Sec'y of Health & Human Servs., No. 15-1005V, 2018 WL 3989514, at *2 (Fed. Cl. Spec. Mstr. Jun. 28, 2018); Hendrickson v. Sec'y of Health & Human Servs., No. 15-812V, 2018 WL 6822351, at *6-7 (Fed. Cl. Spec. Mstr. Nov. 26, 2018) (special master noting that petitioner's memorandum supporting increased fees was "strikingly similar" to what was submitted in Onikama while failing to address the findings of that decision or provide new evidence); Desai v. Sec'y of Health & Human Servs., No. 14-811V, 2018 WL 6819551, at *6 (same).

  Accordingly, the undersigned will compensate Gage firm attorneys and paralegals at the previously established local rates. This results in a reduction to attorneys' fees awarded of **$2,526.40**.[3]

---

[3] Applying the rates established in Hendrickson and Desai results in the following dollar reductions: $2,133.50 for the work of Mr. Gage, $55.90 for the work of Ms. Blume, $205.00 for the work of Mr. Lujan, and $132.00 for paralegals.

### ii.  Reasonable Hours Expended

Petitioner requests compensation for 155 total hours billed by Mr. Gage and his associates. Fees App. at 20. The undersigned has reviewed the submitted billing entries and, for the reasons explained more thoroughly below, will reduce the requested attorneys' fees by 10%.

### a. Excessive Interoffice Communication

The undersigned and her fellow special masters have previously emphasized the inefficiency that results when multiple attorneys work on one case. See Sabella, 86 Fed. Cl. at 214-15 (affirming a special master's reduction of fees for overstaffing where three attorneys from two different firms worked on the same case). The undersigned, and other special masters, have previously warned Mr. Gage's firm about excessive interoffice communication. Mack v. Sec'y of Health & Human Servs., No. 15-149V, 2017 WL 5108680, at *5 (Fed. Cl. Spec. Mstr. Sep. 28, 2017). Despite previous warnings however, this issue still exists. There are over thirty entries for "Office Meeting" and while some of these entries indicate the topic being discussed at the meeting, most do not.[4]

### b. Vague Billing Entries

The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness. See Barry v. Sec'y of Health & Human Servs., No. 12-39, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by 10% due to vague billing entries); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468, at *8.

As with excessive interoffice communication, Mr. Gage has previously been warned numerous times about his firm's persistent issue with vague entries. See Bowman v. Sec'y of Health & Human Servs., No. 15-256V, 2017 WL 7362539 (Fed. Cl. Spec. Mstr. Sep. 20, 2017); Mack, 2017 WL 5108680; Kerridge v. Sec'y of Health & Human Servs., 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017) (reducing by five percent for vagueness, duplicative billing, excessive hours, and administrative work); Padilla v. Sec'y of Health & Human Servs., 2017 WL 1435881, at *2 (Fed. Cl. Spec. Mstr. Mar. 30, 2017) (reducing by 10 percent due to vagueness); Wilson v. Sec'y of Health & Human Servs., 2017 WL 1374748, at *2 (Fed. Cl. Spec. Mstr. Mar. 22, 2017) (reducing by 10 percent for vagueness).

---

[4] For example, Ms. Blume only billed five entries and all were for meetings and review. Fees App. at 32. Given that this is the only contribution Ms. Blume made to the case, it is difficult for the undersigned to ascertain what value Ms. Blume added to the case and whether any time should have been billed for her participation.

Examples of vagueness in the instant case include the following: attorney Kristen Blume's billing for office meetings without any description as to the purpose of the meeting; law clerk Dustin Lujan billing a total of 19 hours for "Record Review" (Fees App. at 36); paralegal "KS" billing 18.6 hours on "Started Outline of Exhibits" and "Continued outline". Fees App. at 45.[5] Most of the aforementioned entries evincing excessive interoffice communication were also vague.

For all these reasons, the undersigned shall reduce the amount of attorneys' fees awarded by 10%. This results in a total reduction of **$2,721.08**.[6] Thus, petitioner is awarded attorneys' fees in the amount of **$24,489.78**.

### b.   Attorneys' Costs

Petitioner requests a total of $30,682.43 in attorneys' costs. This amount includes reimbursement for the filing fee, medical records, postage, and copies. Those costs are documented and appear to be reasonable upon the undersigned's review.

The majority of the requested amount of costs ($22,970.78) is for petitioner's life care planner, Helen Woodard, M.A., of ReEntry Rehabilitation Services, Inc. Fees App. at 57-61. Ms. Woodard expended 108.26 hours on this matter and billed at a rate of $225.00 per hour. Ms. Woodard has prepared life care plans in other Vaccine Program cases, and her requested rate has been found to be reasonable. See Rojas v. Sec'y of Health & Human Servs., No. 14-1220V, 2017 WL 6032300 (Fed. Cl. Spec. Mstr. Apr. 5, 2017). The number of hours billed, however, requires some adjustment.

The Vaccine Program's reasonableness standards for attorneys' fees and costs apply equally to experts' fees and costs. Baker v. Sec'y of Health & Human Servs., No. 99-653V, 2005 WL 589431, *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005). The same lodestar method is used to determine a reasonable award of compensation to the expert. Simon v. Sec'y of Health & Human Servs., No. 05-914V, 2008 WL 623833, at *1 (Fed. Cl. Spec. Mstr. Feb. 1, 2009); Kantor v. Sec'y of Health & Human Servs., No. 01-679V, 2007 WL 1032378, at *4-8 (Fed. Cl. Spec. Mstr. March 21, 2007).

Ms. Woodard's billing records suffer from vagueness, an issue which has been raised in a prior case. In Desai, a special master reduced the total award for Ms. Woodard's work due to an excessive number of vague entries, noting that entries such as "general research" do not permit the Court to evaluate whether the expert's work was reasonable and not duplicative. Desai, 2018 WL 6819551, at *8-9. The special master also requested petitioner's counsel, Mr. Gage, to

---

[5] The undersigned notes that Mr. Lujan's entries for "Record Review" and KS's entries for outlining essentially overlap. The vagueness of these entries is particularly concerning because reviewing records and outlining exhibits appears to be identical tasks and could therefore be viewed as duplicative/excessive billing.

[6] ($29,737.26 (original requested fees) - $2,526.40 (reduction for incorrect rates)) * 0.1 = $2,721.08

provide a copy of the decision to Ms. Woodard so that she would be aware of the issues concerning her billing.

Unfortunately, Ms. Woodard's billing records suffer from many of the same deficiencies noted in Desai and Rojas. Over 10 entries totaling 30.42 hours are for "review records", "report preparation", or "Review records and report preparation." There are 22 entries totaling 39.83 hours for "Life care plan research re: costs" ranging from 0.08 hours to 5.0 hours without differentiating between what was actually being done. There are 3 entries totaling 10 hours for "General research". In sum, the billing records provided by Ms. Woodard are plagued by vagueness. Because of these deficiencies, the undersigned finds it reasonable to reduce her billed hours by 10%. This results in a total reduction of **$2,186.57**.

Additionally, Ms. Woodard billed her full hourly rate for 12.0 hours of travel, despite having been notified in the past that the Vaccine Program consistently compensates travel at 50% of a professional's regular billing rate. Rojas, 2017 WL 6032300 at *14; Desai, 2018 WL 6819551 at *9. The undersigned will compensate Ms. Woodard for this travel time at half of her usual rate. This results in an additional reduction of **$1,350.00**.

## II.  Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| Attorneys' Fees Requested | $29,737.26 |
|---|---|
| (Total Reduction from Rates Adjustment) | - ($2,526.40) |
| (Total Reduction from Billing Hours) | - ($2,721.08) |
| **Total Attorneys' Fees Awarded** | **$24,498.78** |
|  |  |
| Attorneys' Costs Requested | $30,682.43 |
| (Reduction of Costs) | - ($3,536.57) |
| **Total Attorneys' Costs Awarded** | **$27,145.86** |
|  |  |
| **Total Attorneys' Fees and Costs Awarded** | **$51,644.64** |

**Accordingly, the undersigned awards the following:**

1) **$51,644.64 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
